BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 3166 |

**INTERESTED PARTY PLAINTIFFS' RESPONSE IN SUPPORT OF THE MOTION TO TRANSFER AND CENTRALIZE RELATED CASES PURSUANT TO 28 U.S.C. § 1407**

Interested Party Plaintiffs, Jane Doe 1 and Jane Doe 2,[1] respectfully submit this response in support of consolidation, coordination and transfer in accordance with 28 U.S.C. § 1407 ("Section 1407") and Rules 6.1 and 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Interested Party Plaintiffs agree with Movant-Plaintiff that consolidation of these actions is appropriate, and join in requesting consolidation for all of the reasons stated in Movant-Plaintiff's brief.[2] They also agree that the Northern District of California is the most appropriate forum for centralization, as the primary defendant and key witnesses are located there.[3] They therefore join in requesting that the actions be transferred to one of the highly qualified judges in

---

[1] Undersigned counsel currently have two cases filed in the United States District Court for the Northern District of California, which are included in the Schedule of Actions, (Doc. 1-2), attached to Movant-Plaintiff's Motion for Transfer: *JANE DOE, a minor represented by her proposed court-appointed guardian ad litem*, *MARY DOE v. Roblox Corp. et al.*, No. 3:25-cv-07852 (N. D. Cal. Sep. 16, 2025); *JANE DOE, a minor represented by her proposed court-appointed guardian ad litem*, *MARY DOE v. Roblox Corp. et al.*, No. 3:25-cv-07174 (N.D. Cal. Aug. 25, 2025).

[2] *See Memorandum in Support of Motion for Transfer of Actions Under 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings* as though fully set forth herein. (ECF Dkt. 1-1 at 1-11).

[3] *See* ECF Dkt. 1-1 at 12-15.

1

that district with complex MDL experience, such as Judge William H. Orrick and Chief Judge Richard Seeborg.

While the Northern District of California is the most convenient jurisdiction for this litigation, in the event that the related actions are not transferred to that district, Interested Party Plaintiffs respectfully request that the panel consider the Western District of Missouri as a transfer venue. There is no other jurisdiction (besides N.D. Cal.) with a direct connection to this nationwide litigation, and the Western District of Missouri would be a convenient forum for a number of reasons, including that it is centrally located and would permit convenient travel for all parties. Kansas City, which sits within the district, has a large international airport and direct flights to all major cities, including San Francisco International Airport near Defendant Roblox's headquarters.

Additionally, the Western District of Missouri has an impressive track record of efficiently managing its docket. The median time from filing to disposition of a civil case in the Western District of Missouri is just 6.9 months. The Western District of Missouri also has the resources to provide an efficient disposition of these cases, both in terms of number of current MDLs pending (2) and amount of judges/size of the Clerk's office.[4] Notably, there are already two related actions pending in the Western District of Missouri.[5]

There are, moreover, multiple highly qualified judges in the Western District of Missouri with experience managing MDLs. For example, Judge Stephen R. Bough recently presided over *In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Marketing, Sales Practices, and Product*

---

[4] *See Caseload Statistics Data Tables*, United States Courts, https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables

[5] *See J.S. individually and as the parent and next friend of minor D.H. v. Roblox Corp.*, No. 6:25-cv-3254 (W.D. Mo. Sep. 8 2025) (Included in Schedule of Actions, (Dkt. 1-2), attached to Movant-Plaintiff's Motion for Transfer); *JANE DOE R.S. as guardian and next friend of minor plaintiff, JOHN DOE H.M. v. Roblox Corp.*, No. 4:25-cv-00740 (W.D. Mo. Sep. 19, 2025) (Removed to Federal Court after Movant-Plaintiff's Motion for Transfer was filed).

*Liability Litigation,* MDL 2936, which involved a class action coupled with an insurance coverage action. Judge Bough entered a Final Judgment and Order of Dismissal in that MDL on March 27, 2025. *See* ECF Dkt. 1221, *In re Smitty's/ CAM2 303 Tractor Hydraulic Fluid Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 4:20-MD-2936 (W.D. Mo. Mar. 27, 2025). As this Panel found in selecting Judge Bough for that MDL, he is an "experienced jurist with the ability . . . to manage this litigation efficiently." *In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Mktg., Sales Pracs. & Prods. Liab. Litig.*, 466 F. Supp. 3d 1380 (J.P.M.L June 2, 2020).

## CONCLUSION

For the foregoing reasons, Interested Party Plaintiffs respectfully request the Panel issue an order transferring all actions listed on the Schedule of Actions attached to Movant-Plaintiff's Motion to Transfer, as well as all subsequently filed related actions, for coordinated and consolidated pretrial proceeding to the Northern District of California before Judge William H. Orrick or Chief Judge Richard Seeborg. In the event that the actions cannot be transferred to the Northern District of California, Interested Party Plaintiffs respectfully request that they be transferred to the Western District of Missouri.

Dated: September 24, 2025					Respectfully Submitted

By: */s/ J. Kirk Goza*
Thomas P. Cartmell
Tyler W. Hudson
J. Kirk Goza
Zachery E. Galyon
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: (816) 701-1100
tcarmell@wcllp.com
thudson@wcllp.com
jgoza@wcllp.com
zgalyon@wcllp.com
**Counsel for Interested Party Plaintiffs**