**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ROBLOX CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | MDL Docket No. 3166 |

**MOVANT-PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL
TRANSFER OF *SEITZ v. ROBLOX CORP.* TO MDL NOS. 3166 AND 3047
PURSUANT TO 28 U.S.C. § 1407**

Movant-Plaintiff Jaimee Seitz submits this reply in response to the opposition filed by Roblox Corporation and Discord Inc. to her motion for partial transfer.

Roblox serves as the primary entry point for child grooming and exploitation, providing predators with easy and instant access to millions of impressionable children. From Roblox, many of these kids are then transitioned to other apps, such as Discord, where the harm escalates. While predators may groom children toward different ends—sexual exploitation, self-harm, or violence—they do so using the same methods. Regardless of the intended outcome, predators employ materially identical tactics made possible by the same misrepresentations, defectively designed platform features, and systemic failures on Roblox and other platforms such as Discord. This MDL was created to address these common factual questions, and Plaintiff's claims against Roblox and Discord fall squarely within that factual core. Excluding this case because the grooming here culminated in fatal self-harm rather than sexual exploitation would elevate form over substance and produce the inefficiencies that 28 U.S.C. § 1407 was designed to prevent.

The online grooming process is fundamentally the same whether the predator's objective is sexual exploitation, self-harm, or violence. Predators target victims based on "availability, ease of access, and individual preferences the perpetrator has," engage in "relationship-building" by

1

making the victim feel "special and validated," and "seek to isolate the target from existing supports further and move their communications to more private channels."[1] Predators frequently initiate this process through online gaming platforms because "the anonymity of these spaces can help to shield the perpetrator's true identity from the target if needed."[2]

As with grooming for sexual exploitation, grooming for violence and self-harm commonly begins on Roblox, where predators identify and cultivate vulnerable children before moving the interactions to other platforms. As the National Center for Missing & Exploited Children (NCMEC) recently told Senator Charles Grassley in response to his inquiry regarding platform reporting failures, "NCMEC knows the Roblox platform is a primary location where suspects meet and recruit minors for abuse, including by various SOE [sadistic online exploitation] groups."[3] These groups include the so-called "True Crime Community" and "764"—violent online networks that "methodically target and exploit minors and other vulnerable individuals" and "use threats, blackmail, and manipulation to coerce or extort victims into producing, sharing, or live-streaming acts of self-harm, animal cruelty, sexually explicit acts, and/or suicide."[4] These groups often use

---

[1] Elizabeth D. Kilmer & Rachel Kowart, *Grooming for Violence: Similarities Between Radicalisation and Grooming Processes in Gaming Spaces*, Global Network on Extremism & Technology (Feb. 8, 2024), https://gnet-research.org/2024/02/08/grooming-for-violence-similarities-between-radicalisation-and-grooming-processes-in-gaming-spaces/; *see also* Jane Reeves, et al., *Child and Young People's Vulnerabilities to Grooming*, in *Contemporary Perspective on Child Psychology & Education* (2017), https://www.intechopen.com/chapters/57686 ("Grooming children and young people into abuse in the form of CSE [child sexual exploitation], to be trafficked into becoming slaves and victims of multiple abuse as well as for radicalisation and terrorism, is now a well-documented 'process.'")

[2] Kilmer & Kowart, *supra* note 1.

[3] Letter from Michelle DeLaune, President & CEO, Nat'l Ctr. for Missing & Exploited Children, to Hon. Charles E. Grassley, Chairman, Comm. on the Judiciary (Mar. 16, 2026), https://www.grassley.senate.gov/imo/media/doc/ncmec_to_grassley_-_cybertipline_data.pdf.

[4] Federal Bureau of Investigation, Public Service Announcement, Violent Online Networks Target Vulnerable and Underage Populations Across the United States and Around the Globe (Mar. 6, 2025), https://www.ic3.gov/PSA/2025/PSA250306.

Roblox as the initial point of access, then migrate the grooming relationships to other platforms, such as Discord, where the conduct becomes increasingly coercive and dangerous.

Examples abound of this pattern. For instance, as highlighted in the Nebraska Attorney General's recent lawsuit against Roblox, last year a sixteen-year-old child died by suicide after extensive grooming from a Roblox predator associated with 764.[5] According to the State's complaint, "Following her death, the father discovered messages evidencing a prolonged grooming process that began on Roblox and later migrated to third-party applications."[6]

Plaintiff's daughter's experience followed this same trajectory and is materially similar to the grooming and exploitation alleged by plaintiffs in this MDL. Like those plaintiffs, Plaintiff's daughter was groomed on Roblox before the interactions migrated to other platforms, including Discord, where the exploitation continued. *See* ECF No. 127-4, MDL No. 3166, ¶¶ 216-20. Her experience also shares specific similarities with MDL cases in which children were coerced into self-harm. For example, in one MDL case, the plaintiff was targeted on Roblox by a predator who then transitioned their interactions to Discord, where he coerced the plaintiff not only into producing sexually explicit images but also into cutting herself all over her body. *See Doe v. Roblox Corp.*, No. 25-cv-8350, MDL No. 3166, ECF No. 1 ¶¶ 225-30 (N.D. Cal.).

The *Seitz* action thus shares "one or more common questions of fact" with the MDL cases. 28 U.S.C. § 1407(a). Those common questions include whether Roblox and Discord misrepresented the safety of their platforms for children and whether they failed to implement safety measures and other controls that would have prevented child exploitation on their platforms. Roblox and Discord argue otherwise, claiming that *Seitz* concerns the failure to remove violent

---

[5] *State of Nebraska v. Roblox Corp.*, Compl. ¶ 140, No. D14CI260000074 (Dist. Ct. Adams Cty.), https://ago.nebraska.gov/sites/default/files/doc/Nebraska%20Roblox%20Complaint.pdf.
[6] *Id.*

and extremist content, whereas the MDL actions concern the failure to remove sexually oriented communications. That framing fundamentally mischaracterizes *Seitz* and the MDL actions. Both *Seitz* and the MDL actions center on the same safety misrepresentations, defective designs, and failures to warn that enabled the grooming and exploitation of children. These overlapping factual questions are sufficient to warrant transfer of the *Seitz* action. *See, e.g.*, *In re Soc. Media Adolescent Addiction/Personal Inj. Prods. Liab. Litig.*, MDL No. 3047, 2025 U.S. Dist. LEXIS 105575, at *3 (J.P.M.L. June 2, 2025) (transferring case against TikTok in part because case included allegations also at issue in the MDL, "including that TikTok lacks adequate parental control features").

Contrary to Roblox and Discord's assertion, transfer will also further the "just and efficient conduct" of the litigation because *Seitz* and the MDL actions rise or fall on the same core discovery into platform design, knowledge, and safety failures. 28 U.S.C. § 1407(a). Both *Seitz* and the MDL actions will require discovery into the same internal documents and testimony regarding how Roblox and Discord designed their platforms for child users; what they knew about predators exploiting those features to groom and abuse minors; what safety representations they made to parents and the general public, and what additional safeguards could have prevented that exploitation. Defendants' assertion that *Seitz* would require a separate discovery track ignores this substantial overlap in platform-focused discovery. The same custodians, policies, reporting systems, and internal risk assessments will be at issue. Absent transfer, those materials would have to be produced and litigated in parallel proceedings.

Roblox and Discord also wrongly assert that the primary legal issues in *Seitz* and the MDL actions will be materially different. While they correctly note that Section 230 requires a claim-specific analysis, the legal claims in *Seitz* closely track those in the MDL actions. Roblox and Discord also do not dispute that *Seitz* and the MDL actions present the common legal issues of

4

"whether defendants have a duty to protect users from the actions of third-party predators, and whether the acts of such third parties are superseding causes of plaintiffs' injuries." *In re: Roblox Corp. Child Sexual Exploitation & Assault Litig.*, No. 3166, 2025 U.S. Dist. LEXIS 260195, at *5 (J.P.M.L. Dec. 12, 2025).

For the foregoing reasons, Plaintiff respectfully requests that the Panel grant her motion for partial transfer. Specifically, Plaintiff asks that the Panel sever the *Seitz* action and transfer the claims against Roblox and Discord to MDL No. 3166, and transfer the claims against TikTok LLC, TikTok Inc., and ByteDance Inc. to MDL No. 3047. Such relief will further the just and efficient conduct of this litigation and is fully consistent with § 1407(a).

Date:   April 14, 2026

Respectfully submitted,

By: */s/ D. Patrick Huyett*
D. Patrick Huyett
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (215) 608-9645
Facsimile: (215) 735-2211
phuyett@anapolweiss.com

*Attorney for Movant-Plaintiff*